James Allen CANTWAY, Petitioner–Appellant,

v.

D.A. MAYLE; Attorney General of the State of California, Respondents–Appellees.

No. 02–15259.

D.C. No. CV–99–00164–EJG.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 12, 2003.

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

MEMORANDUM**

California prisoner James Allen Cantway appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition challenging his conviction and sentence. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo, *Patterson v. Gomez,* 223 F.3d 959, 962 (9th Cir.2000), and we affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cantway contends that he was prevented from presenting a defense in violation of his rights under the Sixth Amendment and the due process clause of the Fourteenth Amendment, when the trial court struck the testimony of a defense witness who refused to answer questions on cross-examination. However, his claim fails because the trial court's striking of testimony was neither arbitrary nor disproportionate to the purpose it was designed to serve. *See Rock v. Arkansas*, 483 U.S. 44, 55–56, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987) (holding that restrictions on a defendant's right to present a defense are acceptable so long as they are not "arbitrary or disproportionate"); *Williams v. Borg*, 139 F.3d 737, 740–43 (9th Cir.1998) (concluding that striking of defendant's entire testimony due to his invoking of privilege against self-incrimination, in response to questions about his prior felony convictions, was neither arbitrary nor disproportionate, regardless of whether defendant sought to testify on collateral or noncollateral matters).

As the state court's decision was neither contrary to, nor an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts, the district court properly dismissed Cantway's habeas petition. *See* 28 U.S.C. § 2254(d); *Van Tran v. Lindsey*, 212 F.3d 1143, 1149 (9th Cir. 2000).

**AFFIRMED.**[1]

---

1. All outstanding motions are denied.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Cohen's request for oral argument is denied.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.